IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELVON BROWN,** **#Y49809,** | |
| Plaintiff, | Case No. 24-cv-00477-SPM |
| v. | |
| **NURSE ANGIE,** **NURSE MORGAN,** **MS. AHRING,** **SERGEANT MAUE,** **JOHN DOE 1,** **CONNIE DOLCE, and** **WEXFORD HEALTH SOURCE,** | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Delvon Brown, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that on November 12, 2023, he started to feel ill. (Doc. 1). He wrote six

sick call slips informing nurses that he had been vomiting and losing a lot of weight, but he did not receive any medical attention. At some point, he was transferred to segregation. While in segregation, Plaintiff repeatedly informed Correctional Officer John Doe, known as "E," that he was throwing up blood. John Doe came to Plaintiff's cell and saw the blood on the floor. John Doe told Plaintiff he would "get someone," but he never came back. Plaintiff also told Nurse Angie, as she was passing out medication, that he was throwing up blood and was feeling ill. Nurse Angie said she would be back, but she did not return. Plaintiff states that "this went on for six days."

Plaintiff was moved to a different cell, and he continued to write grievances seeking medical attention, but he did not receive a response. Plaintiff gave three sick call slips to Nurse Morgan. Plaintiff asked her if he was going to be seen by someone, she responded, "I don't make those decisions I don't even read the sick calls."

On February 10, 2024, Plaintiff woke up throwing up blood, and he alerted his gallery officers, Ms. Ahring. Ahring came to his cell with Sergeant Maue, and they saw the blood in his paper cup and on the floor. Plaintiff told her he was in pain and felt like he was slowly dying. Ahring responded, "Maybe you is," and walked away from the cell. Ahring and Maue did not return.

Plaintiff states that he has written several letters to the healthcare unit and Connie Dolce, the head nurse, about his medical issue. As of filing the Complaint, he still does not know what is wrong with his health. Plaintiff seeks medical treatment and monetary damages.

### DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following count:

    **Count 1:**    Eighth Amendment deliberate indifference claim against Defendants for denying Plaintiff medical care for his ongoing illness.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

Count 1 will proceed against Nurse Angie, Nurse Morgan, Ms. Ahring, Sergeant Maue, John Doe, and Connie Dolce.

Count 1 is dismissed without prejudice as to Wexford Health Source. As a corporation, Wexford can only be liable for an unconstitutional policy or practice. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) ("Such a private corporation cannot be held liable under [Section] 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself."). Plaintiff fails to point to any such policy or practice that caused him to be denied care by medical staff at Menard.

### MOTIONS FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[2] Plaintiff has not provided any information regarding his attempts to obtain a lawyer himself prior to seeking assistance from the Court. Thus, Plaintiff has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).
[2] In evaluating Plaintiff's Motions for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

representation.

## LETTER

Plaintiff has filed a letter complaining about constitutional violations that have occurred since initiating this civil suit. (Doc. 11). He states that he was falsely accused of flashing and placed in segregation for twenty-eight days without his property, sheets, or a blanket. In segregation, Plaintiff asked to speak with a mental health care provider because a family member had died, but his request was denied. Plaintiff is now in West House and is being denied yard time, access to phones and grievance boxes, denied visitation privileges, and not allowed to go to the law library. At any given time, his water is turned off, and he has been sprayed in the face with mace. Plaintiff asks for help.

The Court construes the letter as a motion for a preliminary injunction, and the motion is **DENIED**. In order to obtain a preliminary injunction, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Additionally, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). See also *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr,* 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation").

Here, Plaintiff does not seek relief related to the allegations in his case. Plaintiff is proceeding on a claim of deliberate indifference for the denial of medical care for his illness, and he now requests emergency injunctive relief based on new allegations that have occurred since filing the Complaint. These new assertions are not associated with any named Defendant and do not have to do with his medical care. A motion for a preliminary injunction is not a proper avenue for Plaintiff to add claims and individuals to this lawsuit. Accordingly, his request for help from the Court regarding these new issues is denied.

### INJUNCTIVE RELIEF AND UNKNOWN DEFENDANT

Plaintiff will be allowed to proceed with Count 1 against John Doe, but this defendant must be identified by first and last name before service of the Complaint can be made on him or her. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of John Doe. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The Clerk of Court will be directed to add Warden Anthony Wills as a defendant in his official capacity for the purpose of responding to discovery aimed at identifying the unknown defendant and implementing any injunctive relief that may be ordered. Once the Warden has entered an appearance, the Court will provide further instructions and deadlines for identifying the John Doe. Plaintiff is advised that it is ultimately his responsibility to identify the John Doe.

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Nurse Angie, Nurse Morgan, Ms. Ahring, Sergeant Maue, John Doe, and Connie Dolce. All claims against Wexford Health Source are **DISMISSED.** The Clerk of Court is **DIRECTED** to terminate Wexford as a defendant. The Clerk of Court is **DIRECTED** to **ADD** Anthony Wills, the Warden of Menard, as a defendant in his official capacity for the purposes of responding to John Doe discovery and implementing any

injunctive relief that may be ordered.

Because Plaintiff's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Angie, Morgan, Ahring, Maue, John Doe (once identified), Dolce, and Warden Wills (official capacity) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:   May 21, 2024**

                                     *s/Stephen P. McGlynn*
                                     **STEPHEN P. MCGLYNN**
                                     **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.